**IN THE COURT OF APPEALS OF IOWA**

No. 21-0271
Filed May 12, 2021

**IN THE INTEREST OF V.C.,**
**Minor Child,**

**R.M., Father,**
     Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Christine Dalton,

District Associate Judge.

     A father appeals the juvenile court order terminating his parental rights.

**AFFIRMED.**

     Barbara E. Maness, Davenport, for appellant father.

     Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

     Jennifer Olsen of Olsen Law Firm, Davenport, attorney and guardian ad

litem for minor child.

     Considered by Mullins, P.J., Schumacher, J., and Danilson, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DANILSON, Senior Judge.**

A father appeals the juvenile court order terminating his parental rights. The juvenile court did not abuse its discretion by denying the father's motion for a continuance. There is clear and convincing evidence in the record to support termination of the father's parental rights, and termination is in the best interests of the child. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

R.M. is the father of V.C., who was born in 2013.[1] The child was removed from the father's care on November 8, 2018, after the father and child were discovered living in a crack house. The child tested positive for cocaine and the father provided a diluted urine sample. The child was placed with an adult sibling.

On February 7, 2019, the child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c), (g), (n), and (o) (2018). The father completed a substance-abuse treatment program but soon relapsed. He was inconsistent in keeping in contact with the Iowa Department of Human Services (DHS); sometimes going for long stretches of time without contact.

The father completed a different substance-abuse treatment program. He maintained sobriety for a period of time but relapsed again, testing positive for cocaine in December. In January 2020, the father began showing progress with services. On April 3, the juvenile court found there were statutory grounds to terminate the father's rights but determined he should have additional time to work on reunification. The court stated, "If [the father] is able to take steps to ensure he

---

[1] The mother's parental rights were terminated on April 3, 2020.

will not relapse again and continues to make progress assuming full time care of his daughter, he could regain custody of her. He has time to do so."

In May, the father's sweat patch was positive for cocaine. On July 15, the State filed a petition seeking termination of the father's parental rights. He had another positive sweat patch in September. The termination hearing was scheduled for October 26, but the father was hospitalized, and the hearing was continued to December 30.

On December 30, the father was again hospitalized, stating he had heart problems after shoveling snow. The juvenile court denied the father's request for a continuance. The court determined a transcript would be provided to the father before he presented his case. The State presented its case, and the remainder of the hearing was continued to February 9, 2021. On February 3, the father requested another continuance, stating he had a long-term cardiac monitor and needed to avoid stress. The court denied the motion on the ground the father had not provided proof he could not participate in the hearing.

On February 8, the father filed a renewed motion for a continuance, stating he was under doctor's advice to avoid stressful situations like court hearings. This motion was denied at the hearing on February 9. The juvenile court determined it was in the child's best interests to proceed with the hearing. The father did not personally appear at the hearing but was represented by counsel.

The juvenile court terminated the father's parental rights under section 232.116(1)(d) and (f) (2020). The court found:

> While [the father] is managing to significantly reduce his use of cocaine and have short periods of sobriety, he has not been able to demonstrate that he can sustain his sobriety over the past two years.

> [The child] is young. She needs 24/7 care and supervision. She needs the stability and safety a drug free parent can provide. She deserves to live in a drug free environment with a parent who can meet her daily physical and emotional needs.

The court found termination of the father's parental rights was in the child's best interests. The father appeals the juvenile court's decision.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III. Continuance

Although not specifically raised as an issue, the father's petition on appeal asserts the court improperly denied his motions for a continuance. The father claims his right to testify at the termination hearing was thwarted by the court's denial of his motion for a continuance.

The father has not cited any legal authority in support of his claim, and therefore, we deem the issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why,

generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable."). Furthermore, even if the issue was not waived, we would find the juvenile court did not abuse its discretion by denying the father's motion for a continuance. *See In re R.B.*, 832 N.W.2d 375, 378 (Iowa 2013) (noting we review a court's ruling on a continuance motion for an abuse of discretion and such motions "shall not be granted except for good cause"). The child needed permanency, and it was in the child's best interests to proceed with the termination hearing.

### IV.   Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We focus on the termination of the father's parental rights under section 232.116(1)(f).[2]

---

[2] Under section 232.116(1)(f), a parent's rights may be terminated if the court finds:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

The father contests only the fourth element of section 232.116(1)(f)—whether the child can be safely returned to his care. A child cannot be returned "if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). "The threat of probable harm will justify termination, and the perceived harm need not be the one that supported the child's initial removal from the home." *Id.* We consider whether there is clear and convincing evidence to show a child could be returned to a parent's care at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014).

The father has a long history of cocaine use. Although he has completed substance-abuse treatment programs, he continues to relapse. The father has not been able to maintain sobriety on a long-term basis. We also note that the juvenile court granted the father an additional six months in April 2020 and he was unable to stay drug free for six months. He tested positive for cocaine in May and September 2020. Additionally, the father failed to consistently participate in drug screens and visitations. We recognize that the father made some progress in improving his lifestyle by obtaining a residence and a vehicle. Overall, however, his progress is too little and too late.

We find there is clear and convincing evidence in the record to support the juvenile court's ruling that the statutory grounds for termination under section 232.116(1)(f) were met.

---

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

### V.     Best Interests

The father contends termination of his parental rights is not in the child's best interests.  He states that he has a strong bond with the child and is able to meet the child's needs.

In considering the child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *Id.*

The father is not able to provide the stability the child needs.  The child was diagnosed with an adjustment disorder with anxiety.  A report from her therapist stated the child "display[ed] nervousness and worry related to her fear" about where she would be living.  In addressing the child's best interests, the juvenile court stated, "In two years he has not had documented sobriety for more than a few months at a time despite his best efforts."  Although the father made limited improvements, he cannot meet the child's needs.  We conclude termination of his parental rights is in the child's best interests.

We affirm the decision of the juvenile court.

**AFFIRMED.**